UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDLE GRIFFIN,

       Petitioner,

v.

       CASE NO. 1:07-CV-14402
       JUDGE AVERN COHN
       MAGISTRATE JUDGE PAUL J. KOMIVES

CAROL R. HOWES,

       Respondent.[1]
_____/

MEMORANDUM ORDER (1) DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING (docket #13); and (2) DENYING PETITIONER'S MOTION FOR BLOOD SPATTER EXPERT (docket #17)

Petitioner filed a petition for the writ of habeas corpus in this Court on October 16, 2007, challenging his state court conviction second degree murder. On this date, the undersigned has filed a Report recommending that petitioner's claims be denied on the merits. Also pending before the Court are two motions filed by petitioner: (1) a motion for an evidentiary hearing (docket #13); and (2) a motion for the appointment of a blood spatter expert (docket #17). For the reasons that follow, petitioner's motions will be denied.

In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and

---

[1] By Order entered this date, Carol R. Howes has been substituted in place of Linda Metrish as the proper respondent in this action.

(2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2). In deciding whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (citations and footnote omitted).[2]

Even assuming that an evidentiary hearing were permitted here under § 2254(e)(2), one is not necessary under Rule 8. As discussed above, each of the affidavits upon which petitioner relies to establish his perjury and ineffective assistance claims are inherently incredible. Even where a

---

[2]Under § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of the a claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless" one of two exceptions is met. 28 U.S.C. § 2254(e)(2). In *Michael Williams v. Taylor*, 529 U.S. 420 (2000), the Court explained that Congress' use of the term "'failed to develop' implies some lack of diligence[.]" *Id*. at 430. Thus, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id*. at 432. Here, it is doubtful whether petitioner would be entitled to an evidentiary hearing under § 2254(e)(2) even if one were otherwise necessary under Rule 8. However, because one is not necessary, the Court need not resolve this issue.

petitioner's claim is supported by an affidavit which raises a credibility issue, "when a petitioner has made a claim which is incredible on its face or incredible in the context of the record before the Court, then an evidentiary hearing will not be required." *Ellis v. Picklesimer*, 135 F. Supp. 2d 717, 720 (M.D.N.C. 2000). As explained in the Report filed on this date, the affidavits are not credible on their face and in light of the complete record before the Court, and thus an evidentiary hearing is not necessary. *See Adams v. Harrison*, 266 Fed. Appx. 560, 562 (9th Cir. 2008) (evidentiary hearing not required where affidavits were submitted long after trial and of questionable credibility, and where nothing suggested that additional testimony from the affiants would make their revised account any more credible); *United States v. Garcia*, No. 1:92-cv-01027, 2006 WL 1653330, at *15-*16 (N.D. Fla. June 8, 2006) (declining to hold evidentiary hearing even though claim was supported by affidavit, where the assertions in the affidavit were incredible); *Kiley v. United States*, 260 F. Supp. 2d 248, 262-65 (D. Mass. 2003) (same); *cf. Herrera v. Collins*, 506 U.S. 390, 417-19 (1993) (rejecting actual innocence claim based on incredible nature of affidavits, even though evidentiary hearing had not been held); *id.* at 424 (O'Conner, J., concurring) (explicitly rejecting dissent's argument that the issue could not be resolved without an evidentiary hearing, because the affidavit evidence was incredible).

Further, to the extent that petitioner claims that an evidentiary hearing is necessary to establish a record of his actual innocence, his claim is without merit. Petitioner's claim that he is actually innocent is not cognizable on habeas review as an independent basis for habeas relief. A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the existence of new evidence, standing alone, is not a basis for granting the writ. As the Supreme

Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id.* at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Thus petitioner's claim of innocence, standing alone, provides no basis for habeas relief. While it is true that respondent argues several of petitioner's claims are procedural defaulted, the Report discusses and rejects each of the claims on the merits, without applying a procedural bar. Because petitioner is not entitled to relief on the merits of his claims without the application of a procedural bar, and because actual innocence does not provide an independent basis for relief, any evidence going to petitioner's innocence is irrelevant to the resolution of petitioner's habeas application.

Likewise, petitioner is not entitled to the appointment of a blood spatter expert. Petitioner does not argue that a blood spatter expert could discover any information relevant to the constitutional claims that are presented in his petition. Rather, he argues only that a blood spatter expert could provide further evidence of his actual innocence. As explained above, however, actual

4

innocence is not an independent basis for habeas relief and no procedural bar has been applied to petitioner's claims, and thus further evidence of his innocence is irrelevant here. Nor could petitioner now attempt to raise a claim that he was denied his constitutional rights by the failure to appoint a blood spatter expert in the state courts. First, such a claim has never been presented to the state courts, and thus would be unexhausted and likely procedurally defaulted here. Second, such a claim would not entitle petitioner to habeas relief because there is no clearly established federal law as determined by the Supreme Court which entitles him to any independent experts as necessary to obtain relief under § 2254(d)(1). Petitioner cites to *Ake v. Oklahoma*, 470 U.S. 77 (1985). The Supreme Court's holding in *Ake*, however, was limited:

> We therefore hold that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

*Id*. at 83. The Court did not discuss a defendant's entitlement to other court appointed experts outside the context of an insanity defense. And, subsequent to *Ake*, the Supreme Court has explicitly declined to answer this question. *See Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985). In light of the language of *Ake* and the Court's reservation in *Caldwell*, there is disagreement over whether *Ake* requires the provision of expert services beyond psychiatric services necessary to present an insanity defense. *Compare, e.g.*, *Terry v. Rees*, 985 F.2d 283, 284 (6th Cir. 1993) (petitioner denied an opportunity to present an effective defense by failure to appoint independent pathologist), *with Baxter v. Thomas*, 45 F.3d 1501, 1511 n.24 (11th Cir. 1995) *and Moore v. Kemp*, 809 F.2d 702, 736-37 (11th Cir. 1987) (en banc) (Hill, J., concurring in part and dissenting in part) (declining to extend *Ake* to non-psychiatric experts).

Under the AEDPA, however, the question is not whether this Court, or the Sixth Circuit, would extend *Ake* to require the provision of non-psychiatric experts. Rather, the question is whether *Ake* itself clearly establishes petitioner's right to the appointment of such experts. In a number of pre-AEDPA cases, courts have held that extending *Ake* to non-psychiatric experts would amount to a "new rule" of constitutional law which could not be applied on collateral review under the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288 (1989). *See Gray v. Thompson*, 58 F.3d 59, 66 (4th Cir. 1995), *vacated on other grounds*, 518 U.S. 152 (1996); *Jackson v. Ylst*, 921 F.2d 882, 885-86 (9th Cir. 1990). The *Teague* rule is "the functional equivalent" of the clearly established law requirement of § 2254(d)(1), *see Williams*, 529 U.S. at 379 (opinion of Stevens, J.), and thus a rule which fails to satisfy *Teague* will also fail to satisfy § 2254(d)(1). *See id.* at 380 (opinion of Stevens, J.); *id.* at 412 (opinion of O'Connor, J., for the Court). *See generally*, *Williams v. Cain*, 229 F.3d 468, 474-75 (5th Cir. 2000) (discussing relationship between *Teague* and § 2254(d)(1)). Thus, petitioner's asserted right to the appointment of non-psychiatric experts was not clearly established law under § 2254(d)(1) at the time of his conviction. *See Brewer v. Cason*, No. 1:05-cv-118, 2006 WL 3103212, at *3 (W.D. Mich. Oct. 31, 2006); *Tanner v. Yukins*, No. 04-CV-71155, 2005 WL 2994353, at *16 (E.D. Mich. Nov. 7, 2005) (Roberts, J.); *Weeks v. Angelone*, 4 F. Supp. 2d 497, 521-22 (E.D. Va. 1998), *aff'd*, 176 F.3d 249, 264-65 (4th Cir. 1999), *aff'd on other grounds*, 528 U.S. 225 (2000). Accordingly, petitioner is not entitled to appointment of a blood spatter expert. *See Patrick v. Johnson*, 48 F. Supp. 2d 645, 646-47 (N.D. Tex. 1999) (denying appointment of expert related to claim which was never asserted in state court or in federal habeas petition, and where claim if asserted would be procedurally barred).

Accordingly, it is ORDERED that petitioner's motion for evidentiary hearing and motion

for appointment of a blood spatter expert are both hereby DENIED.  The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

    IT IS SO ORDERED.

                                            s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE

Dated: 1/27/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2009.
>
>                             s/Eddrey Butts
>                             Case Manager