UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDLE GRIFFIN,

        Petitioner,

                                    Case Number 07-14402-BC
v.                                  Honorable Thomas L. Ludington

CAROL R. HOWES,

        Respondent.
_____ /

## ORDER DENYING PETITIONER'S MOTIONS
## TO REOPEN TIME TO FILE AN APPEAL

Petitioner Randle Griffin was convicted in a Michigan state court of second degree murder and possession of a firearm during the commission of a felony and sentenced to life in prison. On October 16, 2007 he filed a petition for a writ of habeas corpus in this court. [Dkt. # 1]. The petition was denied with prejudice on April 17, 2009 [Dkt. # 29], and a separate judgment was entered in accordance with federal rules [Dkt. # 30]. Fed. R. Civ. P. 58(a). A copy of the order and judgment were served on Petitioner via U.S. mail and proof of service was noted by the clerk on both the order denying relief and the judgment. Entry of the judgment on April 17 stated a thirty-day time period in which Petitioner was required to file a notice of appeal on this Court's docket if he intended to appeal to the Sixth Circuit Court of Appeals. Fed. R. App. P. 3 & 4(a)(1)(A). No notice of appeal was filed.

Now before the Court are Petitioner's motions to reopen the time to file an appeal. [Dkt. # 31–33]. Fed. R. App. P. 4(a)(6). A district court may reopen the time to file an appeal for fourteen days if the moving party did not receive notice of the entry of the judgment, "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party

receives notice" of the judgment, and no party would be prejudiced. *Id.* Petitioner asserts he never received notice of the judgment, however, the appeal period cannot be reopened because the 180-day period has passed and, consequently, the Court is without authority to reopen the appeal period. Rule 4(a)(6)(B)'s 180-day limit is an "outer time limit." *See* Advisory Committee Notes 1967 Adoption. That is, after 180 days has passed the district court can no longer reopen the time to appeal. *See* 28 U.S.C. § 2107 (discussing the time limits employed by Rule 4(a)(6)(B) and noting "whichever is earlier" applies); Advisory Committee Notes 2005 Amendments ("[A]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances."). The 180-day period expired on October 14, 2009, and Petitioner's first motion to reopen the time to appeal was not filed until November 30, 2009. Petitioner's motions must be denied.

Accordingly, it is **ORDERED** that Petitioner's motions to reopen the time to appeal [Dkt. # 31–33] are **DENIED WITH PREJUDICE**.

It is further **ORDERED** that the clerk is **DIRECTED** to attach a copy of the April 17, 2009 order and judgment [Dkt. # 29–30] when serving this order on Petitioner.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 14, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 14, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS